# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT DILUGI and CYNTHIA** | : | |
| **DILUGI, h/w** | : | |
| vs. | : | **NO.: 02-CV-4724** |
| **FRANCIS RAHNER and LA ROSA** | : | |
| **BAKERY, INC. and LA ROSA'S** | : | |
| **PASTRY SHOP** | : | |

## <u>PLAINTIFF'S PROPOSED POINTS FOR CHARGE</u>

Plaintiff, Robert DiLugi and Cynthia DiLugi, h/w, respectfully request this Honorable Court

to charge the Jury as follows:

## TABLE OF CONTENTS

◆   1.    Duty and Function of Jury.................................................................................1
◆   2.    Nature of the Case.........................................................................................2
◆   3.    Credibility....................................................................................................3
◆   4.    Conflicting Testimony....................................................................................4
◆   5.    Number of Witnesses.....................................................................................5
◆   6.    Sworn Deposition Testimony..........................................................................6
◆   7.    Expert Testimony - Credibility Generally........................................................7
◆   8.    Expert Testimony - Basis for Opinion Generally...............................................8
◆   9.    Exhibits......................................................................................................9
◆   10.   Admissions of Fact......................................................................................10
◆   11.   Evidence....................................................................................................11
◆   12.   Direct and Circumstantial Evidence...............................................................12
◆   13.   Permitted Inferences....................................................................................13
◆   14.   Statements, Objections or Arguments of Lawyers.............................................14
◆   15.   Rulings on Evidence.....................................................................................15
◆   16.   Court's Questions to Witnesses.....................................................................16
◆   17.   Negligence - Definition.................................................................................17
◆   18.   Ordinary Care - Definition............................................................................18
◆   19.   Operator's Duty of Care................................................................................19
◆   20.   Assumption Others Will Obey the Law............................................................20
◆   21.   Negligence Per Se - Violation of Statute..........................................................21
◆   22.   Substantial Factor........................................................................................22
◆   23.   Damages.....................................................................................................23
◆   24.   Injuries to Adult Not Resulting in Death..........................................................24
◆   25.   Pain and Suffering........................................................................................25
◆   26.   Past Pain and Suffering.................................................................................26
◆   27.   Future Pain and Suffering..............................................................................27
◆   28.   Worry Over Future Illness and Risk of Harm....................................................28
◆   29.   Past and Future Enjoyment of Life's Pleasures.................................................29
◆   30.   Embarrassment and Humiliation.....................................................................30
◆   31.   Loss of Consortium......................................................................................31
◆   32.   Curative Instruction.....................................................................................32

## CHARGE NO. 1

## DUTY AND FUNCTION OF JURY

Ladies and Gentlemen of the Jury, you have heard all of the evidence. I will now state the legal principles which you must apply to the facts of this case. When you go to the Jury room to begin your deliberations, you must put aside all of your prejudices, personal likes and dislikes and everything which might stand in the way of your reaching a fair verdict. You are the sole judges of the facts in this case. You are to follow your own judgment in resolving the disputed facts. However, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in my instructions just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in this case.

## CHARGE NO. 2

**NATURE OF THE CASE**

This is a civil action for money damages brought by Robert DiLugi and Cynthia DiLugi against Francis Rahner, LaRosa Bakery, Inc. and LaRosa's Pastry Shop, arising out of an automobile collision occurring on June 28, 2000.

The action is based on negligence. The plaintiff claims that the defendant was negligent in the operation of a motor vehicle, causing serious injuries. He is seeking to recover what the law allows, money damages, for injuries and past and future pain and suffering.

## <u>CHARGE NO. 3</u>

**<u>CREDIBILITY</u>**

As the trier of facts, you Ladies and Gentlemen, are the exclusive judges of the weight to be given to the testimony of each of the persons who have testified during the course of this trial.

If, in doing so, you find that a person has knowingly and willfully given false testimony concerning a material fact in this case, about which the witness could not have been mistaken, then you may be justified in rejecting all the testimony of that person in any respect in which it is not corroborated or is conflict with the testimony of other more credible witnesses.  Testimony which is obviously incredible may be disregarded completely.  <u>Lobozzo v. Adam Eidemieller, Inc.</u>, 438 Pa. 360, 263 A.2d 432 (1970).

## <u>CHARGE NO. 4</u>

**5.04 (Civ.)  <u>CONFLICTING TESTIMONY</u>**

You may find inconsistencies in the evidence.  Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false.  Poor memory is not uncommon.  Sometimes a witness forgets; sometimes he remembers incorrectly.  It is also true that two persons witnessing an incident may see or hear it differently.  If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the Jury, should try to reconcile the conflicting statements, whether the same or of different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.  <u>Mapp v. Wonbucker</u>, 421 Pa. 383, 219 A.2d 681 (1966).

-4-

## <u>CHARGE NO. 5</u>

**5.03 (Civ.)  <u>NUMBER OF WITNESSES</u>**

The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence.  It is a factor, but only one of the many factors which you should consider.  Whether the witnesses appear to be biased or unbiased, whether they are interested or disinterested persons, are among the important factors which go to the reliability of their testimony.  The important thing is the quality of the testimony of each witness.  In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witness or witnesses, and which evidence, you consider most worthy of belief.  Even the testimony of one witness may outweigh that of many, if you have reason to believe his testimony in preference of theirs.  Obviously, however, where the testimony of the witnesses appear to you to be of the same quality, the weight of numbers assumes particular significance.  <u>Pressler v. Pittsburgh</u>, 419 Pa. 440, 214 A.2d 616 (1965).

## CHARGE NO. 6

**2.05 (Civ.)  SWORN DEPOSITION TESTIMONY**

A medical experts in this trial testified by way of videotape deposition. The testimony of a witness who is unavailable to testify in person, may be presented in either form under Court rules. Such testimony is given under oath and in the presence of attorneys for the parties, who question the witness.  A court reporter takes down everything that is said and then transcribes the testimony.  This form of testimony is entitled to neither more nor less consideration by you because of the manner of its submission and should be given the same effect as if the doctors themselves had testified in your presence.

## <u>CHARGE NO. 7</u>

**5.30 (Civ.)  <u>EXPERT TESTIMONY - CREDIBILITY GENERALLY</u>**

A medical doctor gave testimony during this trial and was qualified as an expert in the field of medicine.

A witness who has special knowledge, skill, experience, training and education in a particular science, profession or occupation, may gave his opinion as an expert as to any matter in which he or she is skilled.  In determining the weight to be given to his opinion, you should consider the qualifications and reliability of the expert, the familiarity with the subject and the reason given for his opinion.  You are not bound by an expert's opinion merely because he is an expert; you may accept or reject it, as in the case of other witnesses.  Give it the weight, if any, to which you deem it entitled.

## <u>CHARGE NO. 8</u>

**5.31 (Civ.)  <u>EXPERT TESTIMONY - BASIS FOR OPINION GENERALLY</u>**

In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, comes from his personal knowledge, or from some other proper source or from some combination of these.  <u>Jackson v. United States Pipeline Company</u>, 325 Pa. 436, 191 A.165 (1937).

## CHARGE NO. 9

**2.19 (Civ.)  EXHIBITS**

The exhibits which have been identified and received in evidence will be given to you for your careful examination, without discussion at this time, to aid you in understanding the testimony.

## CHARGE NO. 10

**2.10 (Civ.)  ADMISSIONS OF FACT**

Admissions of fact made by any party in the complaint or other pleadings including Answers to Interrogatories or depositions which are given under oath, may have been offered by the parties and received in evidence.  A party is bound by these admissions.

## CHARGE NO. 11

### EVIDENCE

It is your duty to determine the facts and, in so doing, you must consider only the evidence which I have admitted in this case.  The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and any stipulations and the portions of the depositions of the parties which are read by counsel and any other of the admissions I have previously spoken about.

## CHARGE NO. 12

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which the Jury may find the truth as to the facts of this case.  One is direct evidence such as the testimony of eyewitnesses.  The other is indirect or circumstantial evidence:  the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.  As a general rule, the law makes no distinction between the direct and circumstantial evidence but simply requires that the Jury find the facts in accordance with the preponderance of all the evidence in the case, both direct or indirect or circumstantial.

An example of direct evidence is if you look out of your window at home and actually see that it is snowing.  An example of circumstantial evidence would be if you looked out of that same window before going to bed and there was no snow on the ground and it was not snowing.  However, when you wake up the next morning, it's not snowing, but there are 5 inches of snow on the ground.  Based on those observations by you, you could prove circumstantially that it snowed sometime while you were asleep, even though you did not directly observe the snow falling to the ground.  That would be an example of circumstantial evidence that it snowed.  Actually seeing it snow would be direct evidence that it snowed.

## CHARGE NO. 13

**PERMITTED INFERENCES**

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel justified in light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established from the testimony and evidence in the case.

## <u>CHARGE NO. 14</u>

### <u>STATEMENTS, OBJECTIONS OR ARGUMENTS OF LAWYERS</u>

Statements, objections or arguments made by the lawyers are not evidence in this case. The function of lawyers is to point out those things which are most significant or must helpful to their side of the case and, in so doing, call your attention to certain facts or inferences that might otherwise escape your notice. It is your own recollection and interpretation of the evidence that controls in this case what the lawyers say is not binding upon you.

## CHARGE NO. 15

### RULINGS ON EVIDENCE

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the Jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if permitted to answer any question.

## <u>CHARGE NO. 16</u>

**<u>COURT'S QUESTIONS TO WITNESSES</u>**

During the course of the trial, I may have occasionally asked questions of a witness or the attorneys in order to bring out facts not fully covered in the testimony. You are not to assume that I hold any opinion on the matters to which I direct my question. Remember that any answer to any question that I may ask is of no greater value and of no greater weight than any other answer that may be given.

## CHARGE NO. 17

**3:001 (Civ.)  NEGLIGENCE - DEFINITION**

The legal term negligence, otherwise known as carelessness, is the absence of ordinary care which a reasonably prudent person would exercise in the circumstances here presented.  Negligent conduct may consist either of an act or an omission to act when there is a duty to do so.  In other words, negligence is the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, in light of all the surrounding circumstances established by the evidence in this case.  It is for you to determine how a reasonably careful person would act in those circumstances.

## <u>CHARGE NO. 18</u>

**3:02 (Civ.)  <u>ORDINARY CARE - DEFINITION</u>**

Ordinary care is the care a reasonably careful person would use under the circumstances presented in this case.  It is the duty of every person to use ordinary care not only for his own safety and the protection of his property, but also to avoid injury to others.  What constitutes ordinary care varies according to the particular circumstances and conditions existing then and there.  The amount of care required by the law must be keeping with the degree of danger involved.

## CHARGE NO. 19

**OPERATOR'S DUTY OF CARE**

The driver of a motor vehicle has a duty to exercise the degree of care a reasonably prudent person would exercise in order to avoid causing injury or damage to other persons or vehicles.  This duty includes the responsibility to keep the vehicle under control at all times.

<u>Wilson Freight Forwarding Co. vs. Seal</u>, 367 Pa. 18, 79 A.2d    648 (1951).

## CHARGE NO. 20

### ASSUMPTION OTHERS WILL OBEY THE LAW

Every person is expected to obey the law, accordingly, persons using public roadways have a right to assume and to act on the assumption that others will obey the law.  Failure to anticipate that other users of the road may violate the law or standards of reasonable conduct does not constitute negligence.  No traveler on the highway is required to anticipate that others using the highway will violate the law.  Gross vs. Smith, 388 Pa. 92, 130 A.2d 900 (1957).

## <u>CHARGE NO. 21</u>

**<u>NEGLIGENCE PER SE - VIOLATION OF STATUTE</u>**

An Act of Assembly of this Commonwealth, in effect at the time this accident occurred, provided in part:  No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.  Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason by weather or highway conditions.  If you find that the defendant failed to keep an assured clear distance, then you must find him negligent as a matter of law.  However, before you find liability, you must also find that his negligence was a substantial factor in causing the harm to the plaintiff.

## CHARGE NO. 22

**3.25 (Civ.)  SUBSTANTIAL FACTOR**

In order for the plaintiffs to recover in this case, the defendants' negligence, must have been a substantial factor in bringing about the accident.  This is what the law recognizes as legal cause.  A substantial factor is an actual, real factor, although the result may be unusual or unexpected, but is not an imaginary or fanciful factor or factor having no connection or only an insignificant connection with the accident.

The plaintiff are entitled to recover for all the injuries caused by defendants' negligence.  The question of causation of the particular injuries complained of is for you, the jury to determine from the evidence before you.  For the defendants to be liable for the plaintiff's injuries, you need not find that defendants' negligence was the sole cause of damage though other cases may have joined in producing the final result.  It is sufficient if you find that defendants' conduct or negligence was a substantial factor in bringing about the injury complained of.  That is, if you determine that defendants' negligence was either the sole cause of a substantial contributing cause of the injury, the plaintiff is entitled to recover.  The fact that some other factor may have been a contributing cause with the negligence of the defendants does not relieve the defendants from liability unless defendant shows that such other cause would have produced the injury complained of independently of their negligence.  And, even though concurrent causes may have contributed to the plaintiff's injury, if the defendants' negligence was a substantial factor in producing the result, in contributing to the injury, the defendants are liable for the full amount of damages sustained, without any apportionment or diminution for the other cause or causes.  Menarde v. Philadelphia Transportation Co., 376 Pa. 497, 103 A.2d 681 (1954).

## CHARGE NO. 23

**6.00 (Civ.)  DAMAGES**

If you find that the defendants are liable to the plaintiff based on the instructions I have given you, you must then find an amount of money damages which you believe will fairly and adequately compensate the plaintiff for all the physical injuries and pain and suffering he sustained as a result of this accident.  The amount which you award today must compensate the plaintiff completely not only for damages sustained in the past but the future as well.

Damages need not be proven with mathematical certainty, or to an absolute certainty. Damages must not be speculative, but there need only be some reasonable basis upon which you must estimate with a fair degree of certainty the probable loss the plaintiff has suffered in the past and will sustain in the future.  Bostwick v. Pittsburg R.R. Co., 255 Pa. 387.

The amount which you award the plaintiff today, must compensate the plaintiff completely for damages sustained in the past, present and future.  This is the only opportunity the plaintiff have to recover damages as a result of the accident in which he was involved and exercise his legal rights. Spangler v. Helm's N.Y. Pittsburg Motor Express, 396 Pa. 482, 484-485.

## <u>CHARGE NO. 24</u>

**6.01 (Civ.)  <u>INJURIES TO ADULT NOT RESULTING IN DEATH</u>**

The damages recoverable by plaintiff, Robert DiLugi, in this case and the items that go to make them up, each of which I will discuss separately, are as follows and deal with pain and suffering:

a)    <u>Past Pain and Suffering;</u>

b)    <u>Future Pain and Suffering;</u>

c)    <u>Worry Over Future Illness and Harm;</u>

d)    <u>Past Enjoyment of Life's Pleasures;</u>

e)    <u>Future Enjoyment of Life's Pleasures;</u>

f)    <u>Embarrassment and Humiliation; and</u>

g)    <u>Loss of Consortium Damages.</u>

In the event that you find in favor of the plaintiff you must assess each of these individual elements of damages and all these sums up and then return with your verdict in a single lump sum.

## CHARGE NO. 25

**PAIN AND SUFFERING**

Robert DiLugi, may recover for any pain and suffering he has suffered in the past as a result of his injuries and any pain and suffering that was associated with his injuries. In evaluating pain and suffering, you must give effect to its mental as well as its physical state inasmuch as the awareness of injuries in some persons may give rise to mental distress. Hast v. U.S., 96 F. Supp. 207; Rooney v. Maczko, 315 Pa. 113.

## CHARGE NO. 26

**6.01E  (Civ.)  PAST PAIN AND SUFFERING**

Robert DiLugi, is entitled to be fairly and completely compensated for such physical pain, mental anguish, discomfort, inconvenience and distress as you find he has endured, from the time of the accident until today.  <u>Bostwick v. Pittsburgh R.R. Co.</u>, 255 Pa. 387.

## CHARGE NO. 27

**6.01F  (Civ.)  FUTURE PAIN AND SUFFERING**

Robert DiLugi, is entitled to be fairly and adequately compensated for such physical pain, mental anguish, discomfort, inconvenience and distress as you find he will endure in the future, since there was testimony that suggested some injuries were chronic with a poor prognosis.  According to the statistics supplied by the U.S. Department of Health and Human Services, the average life expectancy of all persons of the plaintiff's age at the time of the accident, sex and race, is 28.3 years. (Attached hereto is a copy of the most recent statistics from the U.S. Department of Health & Human Services.)

## CHARGE NO. 28

## WORRY OVER FUTURE ILLNESS AND RISK OF HARM

Robert DiLugi is entitled to also be compensated for any worry over future illness and risk of harm so long as there is a reasonable possibility that illness or harm will occur or that future medical treatment will be necessary.  Walsh v. Brody, 220 Pa. Super. 293, 286 A.2d 666 (1971).

## CHARGE NO. 29

**6.01I  (Civ.)  PAST AND FUTURE ENJOYMENT OF LIFE'S PLEASURES**

Robert DiLugi is entitled to be fairly and adequately compensated for his past and future loss of his ability to enjoy any of the pleasures of life as a result of his injuries.  <u>Owens v. People's Passenger Railway Co.</u>, 115 Pa. 334.

Such pleasures may include participation in ordinary daily activities, work and recreational pursuits.  <u>Lebesco v. Southern Pennsylvania Transportation Authority</u>, 251 Pa. Super 415, 380 A.2d 848 (1979).  In addition, you may consider the effect the injuries had on plaintiff's self image and personality, ability to relate to family members and other incapacities.  See e.g. <u>Monoghan v. Uiterwyk Lines, Ltd.</u>, 607 F. Supp. 1020 (E.D. Pa. 1985).

## <u>CHARGE NO. 30</u>

**6.01G  (Civ.)  <u>EMBARRASSMENT AND HUMILIATION</u>**

The plaintiff is entitled to be fairly and adequately compensated for such embarrassment and humiliation as you believe he has endured as a result of his injuries.

One who has been injured is entitled to recover as an element of damages for that form of mental distress known as humiliation, that is a feeling of degradation or inferiority or a feeling that other people will regard him with aversion or dislike.  This state of mind may result from a physical harm.   See <u>Little v. York County Earned Income Tax Bureau</u>, 333 Pa. Super. 8, 481 A.2d 1194 (1984).

## <u>CHARGE NO. 31</u>

**6.01L (Civ.)   <u>LOSS OF CONSORTIUM</u>**

A plaintiff's spouse is entitled to be compensated for the loss of the injured party's services to her and the loss of companionship of her spouse.

The plaintiff's spouse, Cynthia DiLugi, has also made a separate claim for loss of consortium. This law permits the spouse of an injured victim to make such a claim for the loss of the injured spouse's services to him and the loss of companionship. A spouse is entitled to these damages if you the jury determine these damages have been suffered by the spouse.

## CHARGE NO. 32

## CURATIVE INSTRUCTION

I have read to you a number of instructions.  These instructions should be considered by you as a series, and you should not choose anyone or more instructions and disregard the others.  It is your duty to follow all of the instructions given to you by the Court.  The fact that some particular point may be covered in the instructions more than some other points, should not be regarded as meaning that the Court intends to emphasize that point.  The Court is absolutely impartial in this case, and has not intended and does not now intend, to give emphasis to any point, or to express any opinion one way or the other.

If an instruction seemed to favor one side or the other, you should take from the instruction the law contained therein, and apply it to the facts of the case and understand that no favoritism or leaning was intended by the Court.  I again emphasize, that the Court, does not intend to express an opinion on the facts, for you, and not the Court are the judges of the fact.

Respectfully submitted,

DASHEVSKY, HORWITZ, DISANDRO,
KUHN and NOVELLO, P.C.


BY:_____
KEVIN M. MALLOY, ESQUIRE
ATTORNEY FOR PLAINTIFFS

-32-